## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SARAH DAVIS,  )
  )  C.A. No. N17A-11-005 RRC
  Employee-Appellant,  )
  )
v.  )
  )
HEALTHSOUTH,  )
  )
  )
  Employer-Appellee.  )
  )

Submitted: March 13, 2018
Decided: June 6, 2018

On Appeal From a Decision of the Industrial Accident Board.
**AFFIRMED.**

## MEMORANDUM OPINION

Heather A. Long, Esquire, Kimmel, Carter, Roman, Peltz & O'Neill P.A., Newark, Delaware, Attorney for Appellant Sarah Davis.

Morgan A. Sack, Esquire, Cipriani & Werner, P.C., Wilmington, Delaware, Attorney for Appellee HealthSouth.

COOCH, R.J.

1

# I. INTRODUCTION

This is an appeal from the October 23, 2017 decision of the Industrial Accident Board (the "Board") to deny Sarah Davis' (the "Appellant") claim for permanent impairment. Appellant asserts that the Board erred by erroneously relying on the testimony of her employer's, HealthSouth[1] (the "Appellee"), expert over Appellant's expert. Appellee argues that the decision should be upheld because substantial evidence supports the decision.

This Court concludes that the Board's decision was supported by substantial evidence and that the Board otherwise committed no error of law. Accordingly, this Court **AFFIRMS** the decision of the Board.

## II. FACTS AND PROCEDURAL HISTORY

On August 27, 2015, Appellant injured her back in an accident while in the course and scope of her employment with Appellee. The Appellant suffered an injury to her lumbar spine while working as a certified nursing assistant for Appellee. While transferring a paraplegic patient from a rehabilitation chair to his bed, the patient began to fall. In the midst of his fall, Appellant caught him and injured her back in the process. As a result, the Appellant went to Christiana Care Emergency Room for treatment. After being released from Christiana Care Emergency Room and subsequent medical centers, Appellee placed Appellant on work restrictions. Appellant later received a full duty release in order to return to work.

On April 17, 2017, Appellant filed a Petition seeking benefits for sixteen percent (16%) impairment to the lumbar spine and outstanding medical expenses. After Appellant received a full duty release in order to return to work, she sought further treatment from another physician, Dr. James Zaslavsky, when she still felt pain in her legs and buttocks. In assessing Appellant's permanency, Dr. Zaslavsky rated Claimant's permanent impairment to the lumbar spine using the 5th Edition AMA Guides to the Evaluation of Permanent Impairs. Dr. Zaslavsky believed that Appellant belonged in Diagnosis Related Estimate (hereinafter "DRE") Category III because of his observation of radiculopathy. Dr. Zaslavsky further elaborated that this rating assigns the Appellant a sixteen percent (16%) whole person impairment for the regional impairment for the lumbar spine.

---

[1] The exact name of this entity is unclear from the record.

At Appellee's request, Appellant was examined by Dr. Robert Smith ("Dr. Smith") for a Defense Medical Examination. Dr. Smith's evaluation of Appellant differed from that of Dr. Zaslavsky. Dr. Smith believed, relying on the lack of electro-diagnostic testing, that Appellant showed no significant signs of radiculopathy. Based on Appellant's benign exam in February 2016 and Appellant's reported score of ninety-five percent (95%) at the end of 2015, Dr. Smith opined that Appellant had zero percent (0%) permanent impairment and required no further treatment.

The Board found Dr. Smith's opinion "more credible and reliable than Dr. Zaslavsky's opinion."[2] On October 23, 2017, the Board denied the permanent impairment claim on grounds that Appellant failed to meet her burden of proof to "prove that she sustained a permanent impairment to the lumbar spine as a result of the August 27, 2015 accident." [3] The Board found that "some of Appellant's treatment and outstanding medical expenses were reasonable, necessary, and causally related to the work injury." [4] The Board awarded Appellant medical expenses predating February 2016 in accordance with the fee schedule set forth in 19 Del. C. § 2322B.[5]

Appellant now appeals the Board's decision "as it relates to [her] Permanent Impairment claim"[6] and outstanding medical expenses "incurred after Dr. Smith's Defense Medical Examination."[7]

### III. THE PARTIES' CONTENTIONS

#### A. Appellant's Contentions

Appellant's argument is that "the Board erred when it accepted the Appellee's expert conclusion that the [Appellant] has 0% permanent impairment to the lumbar spine, when that same expert agreed that [Appellant] has a disc bulge with an annular tear, which has been accepted by the employer as related to her work injury." [8]

---

[2] Appellant's Op. Br., Ex. A at 16.
[3] Id.
[4] Id. at 18.
[5] Id.
[6] Appellant's Op. Br. at 3.
[7] Id. at 24.
[8] Id. at 14.

Appellant argues that Dr. Zaslavsky based his opinions on his examination of Appellant, his review of Appellant's medical records before and after the accident, defense medical exam reports, and the MRI scan that presented both a bulging disc with an annular tear and a high intensity zone lesion. [9] Appellant argues that the diagnosis made by Dr. Zaslavsky is consistent with the results of the MRI. [10]

Appellant argues that Dr. Zaslavsky rated Appellant's permanent impairment to the lumbar spine using the AMA Guides to the Evaluation of Permanent Impairments. [11] With his observation of radiculopathy, Dr. Zaslavsky placed Appellant in a different category than Dr. Smith. Additionally, Appellant argues that "Dr. Smith's evaluation lasted less than 10 minutes, and his testimony was offered based not on medical records reviewed, but rather a medical records summary that left out many important details[.]"[12] Based on these alleged "errors of law and defects in the decision[,]"Appellant requests that this Court "revers[e] the Board's decision and a remand for an award of permanent impairment benefits and medical expenses associated with [Appellant's] treatment with First State Orthopedics, Spine Care Delaware and Premiere Physical Therapy, which were incurred after Dr. Smith's Defense Medical Examination."[13]

### B.    Appellee's Contentions

Appellee argues that the Board's decision should be affirmed. [14] Appellee's contends that "the Board properly denied the claim for permanent impairment because substantial evidence supported that Dr. Smith's opinions were more credible and reliable than those of Dr. Zaslavsky and [Appellant's] testimony regarding her symptoms and limitations lacked credibility[.]"[15] Additionally, Appellee argues that "[t]he Board properly found that [Appellant] failed to satisfy her burden to show that expenses incurred after February 2016 were reasonable, necessary and related to the work injury."[16]

Appellee stresses that the Board found Dr. Zaslavsky's testimony "less credible and less reliable" than Dr. Smith's testimony because "[1] Dr. Zaslavsky

---

[9] Id.
[10] Id. at 15.
[11] AMA Guides to the Evaluation of Perm. Impairments 5th Edition, Table 5-13 at 384.
[12] Appellant's Op. Br. at 19.
[13] Id. at 24.
[14] Appellee's Answ. Br. at 2.
[15] Id. at 15.
[16] Id. at 25.

4

failed to follow the AMA Guides; [2] he based his opinion on past treatment and office visits rather than [Appellant's] condition as assessed at MMI; [3] he relied on an MRI scan that did not correlate with [Appellant's] subjective complaints; and [4] he relied on [Appellant's] unverified radicular complaints."[17]

Appellee also argues that the Board believed Appellant's testimony lacked credibility due to inconsistent record evidence. Specifically, the Board believed that Appellant had failed to prove permanent impairment to her lumbar spine due to her conversation with a physical therapist that she had been pain free for one week and the Appellant's failure to return to therapy after leaving her job in January 2016.[18]

## IV. STANDARD OF REVIEW

In reviewing a decision of the Board, "[t]he function [of this] Court is limited to determining whether substantial evidence supports the Board's decision regarding findings of fact and conclusions of law and is free from legal error."[19] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[20] If the Board's decision is supported by substantial evidence, this Court must sustain the Board's decision even if this Court would have decided the case differently if it had come before it in the first instance.[21] This Court does not sit as trier of fact, nor should this Court replace its judgment for that of the Board.[22] "The Court, when factual determinations are at issue, shall take due account of the experience and specialized competence of the agency and of the purposes of the basic law under which the agency has acted."[23] "The burden of persuasion is on the party seeking to overturn a decision of the Board to show that the decision was arbitrary and unreasonable."[24] In this process, "the Court will consider the record in the light most favorable to the prevailing party below."[25]

---

[17] *Id.* at 19; *See* Appellant's Op. Br., Ex. A at 16-17.
[18] Appellee's Answ. Br. at 19; *See* Appellant's Op. Br., Ex. A at 17.
[19] *Holowka v. New Castle Cty. Bd. of Adjustment*, 2003 WL 21001026, at *3 (Del. Super. Ct. Apr. 15, 2003) (citing 29 *Del. C.* § 10142).
[20] *Forrey v. Sussex Cty. Bd. of Adjustment*, 2017 WL 2480754, at *3 (Del. Super. Ct. June 7, 2017).
[21] *Id.*
[22] *Holowka*, 2003 WL 21001026, at *4.
[23] 29 *Del. C.* § 10142(d).
[24] *Forrey*, 2017 WL 2480754, at *3 (quoting *Mellow v. Bd. of Adjustment of New Castle Cty.*, 565 A.2d 947, 955 (Del. Super. Ct. 1988)).
[25] *Holowka*, 2003 WL 21001026, at *4 (quoting *Gen. Motors Corp. v. Guy*, 1991 WL 190491, at *3 (Del. Super. Ct. Aug. 16, 1991)) (internal brackets omitted).

## V. DISCUSSION

The Board's decision is supported by substantial evidence because the Board took into account the testimony provided by both doctors, in addition to Appellant's testimony, and based their decision on such evidence. Even if this Court may have decided the case differently in the first instance, deference is owed to the Board is required unless the decision lacks substantial evidence that supports the Board's decision regarding findings of fact and conclusions of law or contains a legal error.[26]

Appellant's primary contention is that the Board erred in choosing Appellee's expert over Appellant's expert. In its order, the Board stated that it "accept[ed] Dr. Smith's opinion as more credible and reliable than Dr. Zaslavsky's opinion in this case."[27] The Board believed that "[m]uch of what Dr. Zaslavsky relie[d] on [was] [Appellant's] subjective presentation which is incongruous because the medical records prior to [Dr. Zaslavsky's] treatment suggest that she had significantly improved and returned to work full duty."[28] The Board is free to choose between conflicting medical opinions.[29]

Absent a specific showing of legal error, this Court deems the issue at hand to be factual in nature. As such, this Court is required to give deference to the specialized competency of the Board. The Board considered both experts and the evidence they provided. The Board, well within its discretion, chose one expert over another. This decision was not arbitrary or unreasonable, but rather was founded on the basis of the evidence presented. There was sufficient evidence to support the Board's finding that Dr. Smith's opinions were credible and reliable.

## VI. CONCLUSION

The Court finds that the decision by the Board is supported by substantial evidence and is free from legal error.

Accordingly, the decision of the Board is **AFFIRMED**.

---

[26] *Holowka*, 2003 WL 21001026, at *3 (citing *29 Del. C.* § 10142).

[27] Appellant's Op. Br., Ex. A at 16.

[28] *Id.* at 17.

[29] *DiSabatino Brothers, Inc. v. Wortman,* Del. Supr., 453 A.2d 102, 106 (1982) (finding that when faced with conflicting evidence, the Board was free to choose between conflicting medical opinions).

_____
Richard R. Cooch, J.

cc: Prothonotary
    Industrial Accident Board